# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1139-WMKC

_____

PETE'S BREWING COMPANY, et al.,   *
                                             *

        Plaintiffs-Appellees,       *

                                           *

            v.                        *    Appeal from the

                                         *    United States District Court

HOPE E. WHITEHEAD and         *    for the Western District

MISSOURI DIVISION OF         *    of Missouri, Western

LIQUOR CONTROL,               *    Division

                                         *

        Defendants-Appellees,   *    [UNPUBLISHED]

                                       *

ANHEUSER-BUSCH, INC.,       *

                                       *

        Movant/Appellant.       *

_____

Submitted: June 11, 1998
Filed: August 24, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and PANNER[1], District Judge

_____

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

OWEN M. PANNER, District Judge.

Plaintiffs, several out-of-state breweries, challenge a 1996 Missouri law which requires a statement disclosing the ownership and location of production facilities on all malt liquor beverages sold in that state. Defendants are the Missouri Division of Liquor Control and its supervisor, Hope Whitehead. Appellant Anheuser-Busch, Inc. ("AB") moved to intervene in the district court both as of right and permissively. The district court denied the motions. AB appeals. We affirm.

## BACKGROUND

In 1996, the Missouri Legislature passed the law at issue in response to complaints that certain brewers, whose products were produced in unused facilities of large brewers, were marketing those products as having been made in small microbreweries. In pertinent part, the law provides:

> [a]ny malt liquor which is offered for sale in this state and manufactured at other than a facility owned by the person whose name appears on the label of the container shall include on the label the name and location of the owner of the facility which produced and packaged the malt liquor.

Mo. Rev. Stat. § 311.360.2. The law was immediately challenged in state court but went into effect as scheduled on January 1, 1997. The Missouri Supreme Court upheld the law in October 1997.

Plaintiffs filed this case on November 21, 1997. The next day, the district court granted plaintiffs' motion for a temporary restraining order prohibiting enforcement of the law, and set a December 18, 1997 trial date.

AB moved to intervene. The district court concluded that the motion was timely but denied the motion to intervene as of right because it concluded that defendants adequately represented AB's interest. It also denied the permissive intervention motion.

2

The day after denying AB's motion, the district court continued the trial date until February 1998. Thereafter, the district court granted AB leave to participate as amicus curiae. The district court conducted a court trial on February 5 and 6, 1998. As amicus, AB filed a post-trial brief with supporting affidavits. At the time of the appellate briefing, the district court had not yet issued its decision on the merits.

DISCUSSION

I. Intervention as of Right

We review de novo the district court's denial of a motion to intervene as of right. Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 570 (8th Cir. 1998).

Plaintiffs argue that AB waived the right to continue to seek intervention. Plaintiffs maintain that AB should have renewed its motion to intervene or asked the district court to reconsider its prior ruling after the district court continued the trial from December 1997 to February 1998. We reject this argument. The district court properly rested its decision on its determination that defendants adequately represented AB's interest, not on the timing of the trial.

AB must demonstrate Article III standing as a prerequisite to intervention. Standard Heating, 137 F.3d at 570. We agree with the district court that AB had standing. See Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996)(listing Article III standing criteria).

Once standing is established, AB is entitled to intervene if it makes a timely application and it

> claims an interest relating to the property or transaction which is the
> subject of the action and [it] is so situated that the disposition of the

3

action may as a practical matter impair or impede [its] ability to protect that interest, unless [its] interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Because the district court decided that AB had a recognized interest in the subject matter of the litigation that might be impaired by the disposition of the case, we examine only whether AB's interest is adequately protected by the existing parties.

Where the interests asserted by the movant are shared with a governmental entity acting in a matter of sovereign interest, a presumption arises that the government adequately represents its citizens' interests. Standard Heating, 137 F.3d at 572. If the movant's only interest in the suit is shared with the public interest, the citizen must rebut the adequate representation presumption. Chiglo v. City of Preston, 104 F.3d 185, 188 (8th Cir. 1997).

The district court concluded that AB's interests were coextensive with defendants' interests. The district court noted that the issue in the case was the constitutionality and enforceability of the statute and that defendants adequately represented AB's interests.

AB argues that defendants do not adequately represent its interests because AB has a distinct proprietary stake in the outcome of the litigation, distinguishable from the general public interest in enforcing the law. It further argues that defendants' enforcement of the law has been less than vigorous. The record shows that defendants have sought to enforce the statute. Defendants have responded to the complaint and defended the case at trial. We agree with the district court that there has been no showing of misfeasance or nonfeasance on the part of defendants.

As to AB's proprietary interest, there is some authority for allowing intervention when the intervenor has a more narrow and "parochial" interest than the sovereign.

4

See, e.g., Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 1001 (8th Cir. 1993).  However, as the district court noted, while both the state and the intervenors in Mille Lacs were concerned with protecting fish and game, the state's interest potentially conflicted with the intervenors' interests because the state could have advanced a position consistent with protecting fishing and gaming in the area and which could have adversely affected the property values of the intervenors.  Id. at 1000-01.

In an attempt to distinguish the interests in the instant case, AB characterizes its interest as a concern based upon a loss of business in the marketplace and defendants' interest as protecting its citizens from deceptive marketing.  What AB fails to acknowledge, however, is that its putative loss of business would occur only as a result of the deceptive marketing.  Because the loss of business results from the deceptive marketing the statute is aimed at prohibiting, AB's interest is exactly the interest defendants seek to protect in defending the statute.  While AB's motive may be distinguishable from defendants', its interest, prohibiting deceptive marketing, is the same.  Thus, Mille Lacs is distinguishable.

Because we affirm the district court, we need not consider plaintiffs' harmless error argument.

II.  Permissive Intervention

We review the denial of a motion for permissive intervention for abuse of discretion.  Standard Heating, 137 F.3d at 573.  The movant may be allowed to intervene in an action when its "claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b)(2).  Additionally, the intervention must not unduly delay or prejudice the adjudication of the rights of the original parties. Id.

The district court concluded that AB was not asserting a separate and distinguishable claim and that intervention would not promote judicial economy. There was no abuse of discretion.

We affirm the district court but note that AB may renew its intervention motions if the district court decides the merits of the case in plaintiffs' favor and defendants do not appeal. Our recognition of AB's right to renew its motions is not an endorsement of the merits of such motions.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.